# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-322V
Filed:  September 24, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
                                    *
MARK GREENBERG,                     *    UNPUBLISHED
                                    *
        Petitioner,                 *
                                    *
v.                                  *    Attorneys' Fees and Costs
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
        Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Carol L. Gallagher*, *Esq.*, Carol C. Gallagher, Somers Point, NJ, for petitioner.
*Ryan D. Pyles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 9, 2017, Mark Greenberg ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed transverse myelitis after receiving hepatitis B vaccinations on or about April 7, 2014, May 7, 2014, and October 7, 2014. *See* Petition, ECF No. 1. On February 7, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 38.

On June 13, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 43 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $92,657.59 (representing $79,760.60 in attorneys' fees and $12,896.99 in costs). Fees App. at 3.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Pursuant to General Order No. 9, petitioner warrants that he has incurred costs of $2,091.62 in pursuit of this litigation. Fees App. Ex. C at 1. Respondent responded to the motion on June 13, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 44. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, he is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human*

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of his attorney, Ms. Carol Gallagher: $350.00 per hour for work performed in 2015-2016, $363.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2018-2019. Fees App. at 3. The undersigned finds the requested rates reasonable and in conformance with what Ms. Gallagher has previously been awarded. *See De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338, 345 (Fed. Cl. 2018). Accordingly, no adjustment to the requested rates is necessary.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Petitioner has submitted adequate billing logs listing the date, amount of time, and the nature of each task. The only reduction the undersigned finds necessary is for time spent performing paralegal tasks, specifically drafting correspondence to medical providers for records and responding to inquiries from those providers and for a large amount of correspondence with petitioner. This issue is not new to Ms. Gallagher's billing records. *See Rocha v. Sec'y of Health & Human Servs.*, No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); *De Souza*, 141 Fed. Cl. at 346-47. Many of these entries include a notation of "dictate to secretary" – however, the overall effect of the entries suggests that all of the work performed was billed at attorney rates with no time associated with secretarial or paralegal, secretarial time being non-compensable. The undersigned also notes that many of the billing entries for communications are vague because they do not describe the communication, making it difficult to assess its overall reasonableness. Based on the hours billed for these tasks, the undersigned finds that a 5% overall reduction to the award of attorney's fees is appropriate. This results in a reduction of **$3,988.00**. Petitioner is thus awarded final attorney's fees of **$75,772.60**.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,896.99 in costs, comprised of obtaining medical records, postage, work performed by Drs. Lawrence Steinman and Robert Cook, and the work of Life Care Associates in preparing a life care plan. Fees App. Ex. B, D. All of the remaining costs are typical costs in Vaccine Program cases and appear reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting all her requested costs. The only reduction necessary is for travel time billed by Life Care Associates at a full hourly rate.[4] Fees App. Ex. D at 10. The undersigned shall therefore reduce the awarded costs by **$320.00**. Petitioner is therefore awarded final attorneys' costs of **$12,576.99**.

**D.     Petitioner's Costs**

Pursuant to General Order No. 9, petitioner states that he has personally incurred costs of $2,091.62 for medical records, the Court's filing fee, and half of the cost of retaining Dr. Steinman.

---

[4] The billing records indicate that life care plan work was billed at $220.00 per hour while travel time was billed at $190.00 per hour. It is unclear what the reduced rate represents. However, because travel time in the Vaccine Program is typically compensated at one-half of an individual's standard rate, the undersigned finds it reasonable to compensate this time at $110.00 per hour. *See Suliman v. Sec'y of Health & Human Servs.*, No. 13-993V, 2019 WL 3239876, at *5 (Fed. Cl. Spec. Mstr. Jun. 4, 2019).

Fees App. Ex. C at 1. Petitioner has provided adequate documentation to support these costs and they shall be fully reimbursed.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that petitioner is entitled to an award of attorneys' fees and costs as follows:

1) **$88,349.59 representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Carol Gallagher, Esq.; and**

2) **$2,091.62 representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).